**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In re JOON HYUN PARK,** : | |
| : | |
| Debtor. : | **Civ. Action No. 14-7613** |
| _____ : | **Civ. Action No. 15-1045** |
| : | |
| **CHUNG CHO,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | **OPINION** |
| : | |
| **JOON HYUN PARK,** : | |
| : | |
| Defendant. : | |
| _____ : | |

**ARLEO, UNITED STATES DISTRICT JUDGE**

### I. INTRODUCTION

This matter comes before the Court on Chung Cho's ("Appellant") appeal of three orders entered by the Bankruptcy Court that relate to the Chapter 7 Bankruptcy Petition of Joon Hyun Park ("Debtor"), No. 13-34203, and the adversary action brought by Appellant against Debtor, No. 14-1128. For the reasons set forth below, Appellant's appeals are **DENIED WITH PREJUDICE.**

## II. BACKGROUND

### a. Factual History

The genesis of this matter is Debtor's 2001 purchase of a residence in Fort Lee from Appellant.[1] Appellant asserts that as part of the purchase, Debtor provided him a $226,964.23 check to cover the difference between the sale price and the amount of mortgage. Debtor requested that Appellant hold the check for a "short time" so that sufficient funds could be gathered to cover the check. Appellant claims that Debtor never collected the funds and had no intent to do so. Even though Appellant did not receive these funds, the property was deeded to Debtor.

In addition to purchasing a home from Appellant, Debtor also purchased a deli, Seventh Avenue Food Corp. ("Seventh Avenue"), from Appellant's sister, Ryung Hee Cho ("Ms. Cho") for $2,000,000, which was paid in $20,000-$30,000 monthly payments. Appellant claims, however, that this "purchase" and continued payment to Ms. Cho was instead a "subterfuge transaction" used by Debtor to hide assets from his creditors.[2]

In 2010, Appellant and Debtor engaged in a binding arbitration over the $226,964.23 check. The arbitrator found that Debtor owed Appellant the full amount of the check. Subsequently, while Appellant was attempting to collect on the judgment, Appellant learned that Debtor no longer claimed to own Seventh Avenue. Instead, Debtor claimed to have returned Seventh Avenue to Ms. Cho in exchange for Ms. Cho's assumption of the company's debts.

---

[1] Unless otherwise noted, the following facts are taken from the Certification of Thomas W. Park, Esq., which is filed at Dkt. No. 31-1 in the underlying bankruptcy action, No. 13-34203.

[2] Appellant claims his sister, Ms. Cho, voluntarily participated in this scheme due to the hostility between the siblings caused by a litigation between Ms. Cho and Appellant in Connecticut.

2

Appellant then filed a fraudulent transfer action in the Southern District of New York (the "SDNY Action") against Seventh Avenue, Debtor, Debtor's wife, and Ms. Cho.

On November 1, 2013, Debtor filed a Chapter 7 petition. On January 30, 2014, Appellant filed an adversary action against Debtor. See Compl., No. 14-1128, Dkt. No. 1.

On March 10, 2014, the SDNY Action was stayed pursuant to Section 362(a) of the Bankruptcy Code.

### b. Procedural History

On October 9, 2014, Donald V. Biase, Chapter 7 Trustee (the "Trustee"), filed a notice of settlement of the Bankruptcy Estate's preferential or fraudulent transfer claims against Ms. Cho and Seventh Avenue foods. See Notice, No. 13-34203, Dkt. No. 29. Appellant objected to the settlement and cross-moved for relief from the bankruptcy stay in the SDNY Action. See No. 13-34203, Dkt. No. 31.

On November 18, 2014, the Hon. Novalyn L. Winfield, U.S.B.J., held a hearing on the proposed settlement between the Bankruptcy Estate and Ms. Cho and Seventh Avenue. Applying the Martin factors, the Bankruptcy Court concluded that the settlement was appropriate. Settlement approval was memorialized in an Order dated December 1, 2014. See Dec. 1, 2014, Order, No. 13-34203, Dkt. No. 45. Three days later, Appellant appealed this Order. See Notice of Appeal, No. 13-34203, Dkt. No. 46.

After filing his appeal, Appellant moved before the Bankruptcy Court for reconsideration of the December 1, 2014, Order. See Mot. for Reconsideration, No. 14-1128, Dkt. No. 7. Appellant argued, *inter alia*, reconsideration was warranted because he discovered proof that $800,000 had been "siphoned" from Seventh Avenue to an entity named "D2D Marketing"

3

through a promissory note given by Seventh Avenue to D2D Marketing.  See Br., No. 14-1128, Dkt. No. 7-1.

At a January 20, 2015, hearing, the Bankruptcy Court concluded that Appellant's appeal divested the Bankruptcy Court of jurisdiction to address the motion.  See Jan. 20, 2015 Hr'g Tr., No. 13-34203, Dkt. No. 71, at 6:24-7:9.  Furthermore, the Bankruptcy Court found that even if it had jurisdiction to consider the motion's merits, the proposed "new evidence" lacked weight.  See id. at 7:10-19; see also Jan. 21, 2015, Order, No. 14-1128, Dkt. No. 12.  Appellant has also appealed this decision.

During the course of the bankruptcy litigation, the Bankruptcy Court denied Appellant's motion to strike Debtor's answer and for sanctions based upon the conduct of Debtor's attorney at Debtor's deposition.  See January 20, 2015, Order, No. 13-34203, Dkt. No. 63.  The Bankruptcy Court held that sanctions, including striking Debtor's answer, should not be imposed.  In reaching this determination, the Bankruptcy Court noted that: (1) any delay was caused by Debtor's counsel, not Debtor; (2) there was no real prejudice because Debtor agreed to proceed with the deposition; (3) there was no history of dilatoriness by Debtor; (4) there was no showing of bad faith; and (5) the sanction of striking the answer was too heavy of a sanction for the conduct alleged.  Id. 12:9-13:13.

### III. ANALYSIS

#### a. Standard of Review

In the appeal of a bankruptcy court's orders, findings of fact are reviewed for clear error, and conclusions of law are reviewed *de novo*.  See In re Sharon Steel Corp., 871 F.2d 1217, 1222-23 (3d Cir. 1989).  An abuse of discretion standard applies where the bankruptcy court has exercised discretion in making its determination, such as in approving a proposed settlement.

4

Hopkins v. McDonnell, 2006 WL 2241646, *2 (D.N.J. Aug. 4, 2006). Additionally, "[t]he imposition or denial of sanctions is subject to abuse-of-discretion review." In re Miller, 730 F.3d 198, 203 (3d Cir. 2013).

### b. Bankruptcy Court's December 1, 2014, Order Approving Settlement

Rule 9019 grants to the Bankruptcy Court the authority to "approve a compromise or settlement" on the Trustee's motion. "While settlements are favored by the courts, the unique nature of the bankruptcy process means that settlements must nonetheless be carefully examined before being approved." In re Hudson's Coffee, Inc., No. 08-5133, 2009 WL 1795833, at *3 (D.N.J. June 22, 2009) (citing In re Nutraquest, Inc., 434 F.3d 639, 644 (3d Cir. 2006)). The court may approve a settlement that is "fair and equitable." Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968). When determining if a proposed settlement is "fair and equitable," the court is not required to delve into the many issues of fact and law that may be raised by the settlement, but instead should "canvass the issues" and determine "whether the settlement falls below the lowest point in the range of reasonableness." In re Congoleum Corp., No. 03-51524, 2010 WL 1133458, at *2 (D.N.J. Mar. 22, 2010) (quoting In re Jasmine, Ltd., 258 B.R. 119, 123 (D.N.J. 2000)). Specifically, a court should consider: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending to it; and (4) the paramount interest of the creditors." Martin v. Myers, 91 F.3d 389, 393 (3d Cir. 1996).

At the November 18, 2014, hearing, the Bankruptcy Court carefully analyzed the Martin factors and found the settlement to be fair and reasonable. Specifically, the Bankruptcy Court concluded that: (1) even if the statute of limitations did not bar recovery, the likelihood of success was uncertain; (2) the factual complexity of the claims meant that any recovery would be costly,

due in part to the hiring of a forensic accountant, and would cause delay; and (3) obtaining $25,000 now instead of an uncertain amount several years from now was in the paramount interest of the creditors. See Nov. 18, 2014, Hr'g Tr., No. 13-34203, at 14:23-17:11. The Bankruptcy Court also found collectability of judgment was unclear on the record, but the other factors clearly supported approval. Id.

The Court finds that the Bankruptcy Court's application of the Martin factors and approval of the proposed settlement was not an abuse of discretion. The Bankruptcy Court properly considered the likelihood of success on the merits, difficulties in recovery, the various complexities involved, and the interests of the other creditors. While Appellant may disagree with the outcome, the Court has no basis for finding that the Bankruptcy Court committed "clear error of judgment in the conclusion it reached upon weighing the relevant factors." See Nutraquest, 434 F.3d at 645. Accordingly, Appellant's appeal of the Bankruptcy Court's December 1, 2014, Order on this ground is denied.

The Court is also satisfied that the Bankruptcy Court properly concluded that Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery, 330 F.3d 548 (3d Cir. 2003) does not stand for the proposition that Appellant may pursue its fraudulent transfer claims in this case. In Cybergenics, the Third Circuit held only that bankruptcy courts may authorize creditors to bring suit when the bankruptcy estate (through either the debtor or trustee) is unwilling to pursue the claim.[3] That is not the case here.[4]

---

[3] Appellant also cites to In re Trailer Source, Inc., 555 F.3d 231, 242-44 (6th Cir. 2009). In that case, the trustee had also refused to pursue the claims at issue.

[4] Appellant's reliance on In re Bernard L. Madoff Inv. Sec. LLC, 721 F.3d 54 (2d Cir. 2013) is also misplaced. There, the Second Circuit held that Madoff's trustee could not pursue creditors' individual claims against financial institutions that allegedly conspired with Madoff because those claims were not part of the bankruptcy estate. In a later opinion in that same case,

### c. Bankruptcy Court's January 21, 2015, Order Denying Motion for Reconsideration

Appellant's appeal of the Bankruptcy Court's denial of his motion for reconsideration is denied. First, upon filing a notice of appeal, Appellant, by his own action, divested the Bankruptcy Court of jurisdiction to adjudicate an untimely[5] motion for reconsideration. See Venen v. Sweet, 758 F.2d 117, 120-21 (3d Cir. 1985); Queens Decorative Wallcoverings, Inc. v. Emiliana Parati, S.p.A., 711 F. Supp. 254, 255 (E.D. Pa. 1989). Second, to the extent Appellant's motion before the Bankruptcy Court was a motion for relief from final judgment pursuant to Fed. R. Civ. P. 60(b), such a motion cannot be granted once the judgment at issue is appealed. See Venen, 758 F.2d at 123. Third, even assuming the Bankruptcy Court had jurisdiction to address the motion, the Bankruptcy Court did not abuse its discretion in denying the motion.[6] Appellant did not cite to Rule 60 in his briefs, did not argue state under which subsection of the Rule 60 he sought relief, and offered no directed argument as to why Rule 60 applied. Finally, Appellant failed to demonstrate an intervening change in law or that the Bankruptcy Court had overlooked a factual or legal issue such that reconsideration was warranted. As explained in greater detail above, this

---

the Second Circuit made clear, however, that fraudulent transfer claims are part of the Bankruptcy Estate and thus may be brought by the Trustee. See In re Bernard L. Madoff Inv. Sec. LLC, 740 F.3d 81, 91 (2d Cir. 2013). Similarly, Appellant's arguments that the automatic stay should be lifted fail. See In re Gronczewski, 444 B.R. 526, 533-34 (Bankr. E.D. Pa. 2011); In re Tribune Co. Fraudulent Conveyance Litig., 499 B.R. 310, 323-24 (S.D.N.Y. 2013); In re Howrey LLP, No. 13-449, 2014 WL 3899309, at *4-5 (N.D. Cal. Aug. 8, 2014).

[5] A motion for reconsideration must be filed within 14 days of entry of the order for which reconsideration is sought. See In re Atiyeh, No. 12-2014, 2013 WL 56061, at *1 n.3 (E.D. Pa. Jan. 3, 2013). The Bankruptcy Court approved the settlement on December 1, 2014. Appellant's motion for reconsideration was filed on December 18, 2014. Thus, the motion was untimely.

[6] "A bankruptcy court's decision to grant or deny a Rule 60(b) motion may be reversed only for an abuse of discretion." In re Subramanian, No. 05-5098, 2006 WL 1645018, at *4 (D.N.J. June 14, 2006), aff'd, 245 F. App'x 111 (3d Cir. 2007).

Court, having considered all of Appellant's arguments including his arguments raised on reconsideration, has found that the Bankruptcy Court's settlement approval was appropriate.

### d. Bankruptcy Court's January 21, 2015, Order Denying Motion to Strike and For Sanctions

Appellant also appeals the Bankruptcy Court's order denying Appellant's motion to strike Debtor's answer and to impose sanctions based upon Debtor's counsel's conduct at Debtor's deposition. Plaintiff's briefing on this issue consists of a factual recitation of its position as to what happened at Debtor's deposition and citations to a number of cases in which a court determined sanctions were appropriate. Appellant fails, however, to offer any challenge to the Bankruptcy Court's analysis as to why sanctions should not be imposed in this case.[7]

After carefully considering the parties' arguments, the Bankruptcy Court determined sanctions, including striking Debtor's answer, should not be imposed because: (1) any delay was caused by Debtor's counsel, not Debtor; (2) there was no real prejudice because Debtor agreed to proceed with the deposition; (3) there was no history of dilatoriness by Debtor; (4) there was no showing of bad faith; and (5) the sanction of striking the answer was too great of a sanction for the conduct alleged. See Jan. 20, 2015 Hr'g Tr., No. 13-34203, Dkt. No. 71, at 12:9-13:13.

This Court finds the Bankruptcy Court's denial of Appellant's motion for sanctions was not an abuse of discretion. The Court does not find that any of the Bankruptcy Court's factual determinations were clearly erroneous. See In re Joobeen, 385 B.R. 599, 609 (E.D. Pa. 2008). For

---

[7] Debtor filed a letter opposition to Appellant's appeal of this Order. In that submission, Debtor's counsel notes that Appellant's counsel, Michael Kimm has been disciplined by several courts for his actions in other matters. In reply, Appellant seeks to strike Debtor's brief for containing improper "*ad hominem* attacks" on Appellant's counsel. Appellant has not argued, and the Court does not find, any basis for striking Plaintiff's brief. Thus, the motion to strike is denied.

example, this Court agrees with the Bankruptcy Court's determination that both attorneys were partially responsible for what occurred at the Deposition. See id. at 10:17-11:2, 11:25-8.

### IV. CONCLUSION

For the foregoing reasons, Appellant's appeals of the Bankruptcy Court's (1) December 1, 2014, Order Approving Settlement; (2) January 21, 2015, Order Denying Motion for Reconsideration; and (3) January 21, 2015, Order Denying Motion to Strike and For Sanctions, are **DENIED WITH PREJUDICE.**

Dated: June 30, 2015

/s Madeline Cox Arleo
**Hon. Madeline Cox Arleo**
**United States District Judge**